IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT N. WASHINGTON,                         No. C 12-5930 SBA (PR)

      Petitioner,                        **ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

 v.

PEOPLE OF CALIFORNIA, et al.,

      Respondents.
_____ /

    Petitioner, a state prisoner, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 17, 2013, the Court dismissed the petition on the grounds that it was a second petition, successive to his previous case, Washington v. Lamarque, Case No. C 02-2146 MJJ (PR) ("2002 petition"). The Court denied the 2002 petition on the merits. Later, Petitioner filed two subsequent petitions, which were denied as successive. See Washington v. State of California, Case No. C 09-4355 SBA (PR); Washington v. Haviland, Case No. C 09-0978 SBA (PR). In dismissing this action, the Court noted that Petitioner had not obtained an order from the Ninth Circuit Court of Appeals authorizing the district court to consider his new petition.

    On July 22, 2013, Petitioner filed a notice of appeal. The Court construes Petitioner's notice of appeal as an application for a certificate of appealability ("COA"). See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3). In an Order dated August 19, 2013, the Ninth Circuit remanded the case to the district court "for the limited purpose of granting or denying a [COA] at the court's earliest convenience." (Ninth Circuit August 19, 2013 Order at 1.)

**DISCUSSION**

    An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, as here. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

    "Determining whether a COA should issue where the petition was dismissed on procedural

**United States District Court**
For the Northern District of California

1    grounds has two components, one directed at the underlying constitutional claims and one directed

2    at the district court's procedural holding." <u>Id.</u> at 484-85.  "When the district court denies a habeas

3    petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

4    COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

5    whether the petition states a valid claim of the denial of a constitutional right and that jurists of

6    reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> at

7    484.  As each of these components is a "threshold inquiry," the federal court "may find that it can

8    dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose

9    answer is more apparent from the record and arguments." <u>Id.</u> at 485.  Supreme Court jurisprudence

10    "allows and encourages" federal courts to first resolve the procedural issue, as was done here. <u>See</u>

11    <u>id.</u>

12        The petition was dismissed because 28 U.S.C. § 2244(b)(3)(A) requires that petitioners must

13    obtain permission from the United States Court of Appeals before filing a second or successive

14    petition.  Petitioner did not obtain such permission, and he acknowledges that he filed a prior habeas

15    case.  Because jurists of reason would not find the Court's conclusion debatable or wrong, the

16    motion for a COA is DENIED.

17        The Clerk of the Court shall process the notice of appeal and send a copy of this Order to the

18    Ninth Circuit.

19        IT IS SO ORDERED.

20    DATED: <u>8/27/13</u>

                                      SAUNDRA BROWN ARMSTRONG

21                                      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28    G:\PRO-SE\SBA\HC.12\Washington5930.COA(DISM-Successive).wpd      2